**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Innovative Sports Management, Inc., <br><br>    Plaintiff, <br><br>  vs. <br><br> Sergio Gonzalez a/k/a Sergio Campis, et al., <br><br>    Defendants. | No. CV-12-00381-PHX-PGR <br><br><br> ORDER |

Pending before the Court is plaintiff Innovative Sports Management, Inc.'s Application for Default Judgment by the Court (Doc. 16), wherein it seeks judgment against defendants Sergio Gonzalez a/k/a Sergio Campis and Stephanie D. Alvarez, both individually and doing business as Bananas Ranas Restaurant, and Bananas Ranas Restaurant and Sports Bar LLC doing business as Bananas Ranas Restaurant. Having reviewed the record, the Court finds that the application should be granted pursuant to Fed.R.Civ.P. 55(b)(2) to the extent that the Court will award the plaintiff the sum of $2,001.00 in damages, as well as its recoverable costs, including reasonable attorney's fees, if timely sought.[1]

---

[1] The Court finds that an evidentiary hearing pursuant to Rule 55(b)(2) is not necessary for the purpose of determining the amount of damages to which the

Background

The complaint alleges that the defendants showed a closed-circuit boxing telecast entitled "*Double Assault": Vazquez, Jr. v. Sonsona* ("the program") at their restaurant/bar on February 27, 2011; the complaint further alleges that the program was shown without authorization as the defendants never purchased a commercial license to do so from the plaintiff, which held the exclusive nationwide commercial distribution rights to the program. The complaint raises three claims: a violation of 47 U.S.C. § 605, the Federal Communications Act of 1934 (Count I); a violation of 47 U.S.C. § 553, the Cable & Television Protection and Competition Act of 1992 (Count II); and conversion (Count III). The record establishes that defendants Gonzalez and Bananas Ranas Restaurant and Sports Bar LLC were served on May 10, 2012, and that defendant Alvarez was served on May 19, 2012 (Docs. 10, 11 and 12). None of the defendants responded to the complaint, and the plaintiff filed an application for entry of default as to all of the defendants on July 3, 2012; the Clerk of the Court entered default as to all of the defendants on July 3, 2012 (Doc. 14). The plaintiff filed its pending default judgment application on August 10, 2012.

Discussion

Although the complaint alleges federal claims pursuant to 47 U.S.C. § 553 and § 605, the plaintiff's default judgment application only discusses § 605. The complaint alleges in part in Count I, which asserts a violation of § 605, that the defendants "did unlawfully intercept, receive, publish, divulge, and/or exhibit the Program at the time of its transmission at their commercial establishment" and that they did so "willfully and for purposes of direct and/or indirect commercial advantage

---

plaintiff is entitled as all of the damages the Court is willing to impose are ascertainable from the either the factual record before it or from facts of which the Court may take judicial notice.

and/or private financial gain." The general rule of law is that upon default all well-pleaded factual allegations of the complaint regarding liability, but not those relating to damages, are taken as true. <u>DIRECTV, Inc. v. Huynh</u>, 503 F.3d 847, 851 (9th Cir. 2007); <u>Geddes v. United Financial Group</u>, 559 F.2d 557, 560 (9th Cir. 1977). The only evidence relevant to the issue of damages submitted by the plaintiff in support of its default judgment application is an affidavit from its investigator Michael Pennington, dated March 10, 2010. Pennington states the following: that he was in Bananas Ranas on February 27, 2010 between 7:18 p.m. and 8:00 p.m.; that the establishment had 10 tables and chairs and a bar with twelve stools, and had a capacity of approximately 70 people; that he counted the number of patrons on three separate occasions and each time there were three patrons; that he did not pay a cover charge to enter the establishment and paid $5.50 for one beer; that there were two flat screen television sets, one of 52" and the other of 42"; and that at 7:44 p.m. the television sets began showing the "Eliecer Sanchez vs. McWilliams Arroyo fight" which lasted less than one round.

While the Court will enter default judgment for the plaintiff, the Court notes that the plaintiff's assertion that the defendants' default eliminates all liability-related issues is problematic. First, the complaint incorrectly alleges the date of the transmission of the program in that it erroneously states eight times that the program was shown on February 27, 2011, whereas it was actually shown on February 27, 2010; the plaintiff uses the correct date in its memorandum of points and authorities in support of its default judgment application, as does its investigator in his affidavit. Although the Court could make the plaintiff file and serve an amended complaint that alleges the correct date, for the sake of judicial economy the Court will take judicial notice from various public sources of the correct date the program was televised.

Second, the complaint does not allege, and the plaintiff's memorandum does not explain, much less establish, that the Sanchez v. Arroyo fight that the investigator saw being shown at the defendant's establishment was part of the Vasquez, Jr. v. Sonsona fight program at issue. However, because a § 605 violation occurs when any portion of a boxing pay-per-view event is illegally intercepted and exhibited, *i.e.,* even if it is a preliminary (undercard) bout as opposed to the main boxing bout, <u>Kingvision Pay-Per-View Ltd. v. Lake Alice Bar</u>, 168 F.3d 347, 349 (9th Cir.1999), and because the Court takes judicial notice from several public sources that the Sanchez v. Arroyo fight was an undercard fight shown on the program, the Court accepts that the defendants are liable for violating § 605.[2]

The only damages that the plaintiff seeks as to the federal claims are pursuant to § 605, which provides for statutory damages per violation "of not less than $1,000 or more than $10,000, as the court considers just." § 605(e)(C)(i)(II). Section 605 further permits an additional discretionary award of enhanced damages of up to $100,000 if the court determines that the defendants willfully violated the statute "for purposes of direct or indirect commercial advantage or financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). The plaintiff seeks the maximum award under both subsections, for a total § 605 award of $110,000.

Having reviewed the record, the Court concludes that the § 605 damages sought by the plaintiff are grossly disproportionate given the minimal evidence

---

[2] The Court notes that it is inexplicable that it should have to take judicial notice of facts to support the plaintiff's case given that the plaintiff's counsel apparently specializes in this type of case, and the Court has already advised the plaintiff's counsel in an earlier, very similar § 605 case that he had failed to link the undercard fight seen by his investigator at the defendant's establishment to the main fight referred to in the complaint. *See* <u>Kingvision Pay-Per-View, Ltd. v. Guzman</u>, 2008 WL 1924988, at *2 (D.Ariz. April 30, 2008).

submitted by the plaintiff - evidence that even the plaintiff at least impliedly agrees in its application does not amount to egregious circumstances. *See* Kingvision Pay-Per-View, Ltd. v. Backman, 102 F.Supp.2d 1196, 1198-99 (N.D.Cal.2000) (In declining to award any enhanced damages under § 605, which were requested by the same attorney as in this case, the Court noted that "the principle of proportionality governs here: distributors should not be overcompensated and statutory awards should be proportional to the violation.") *See also,* Joe Hand Promotions, Inc. v. Streshly, 655 F.Supp.2d 1136, 1139 (S.D.Cal.2009) (In denying the plaintiff's default judgment motion because the $100,000 in § 605 and § 553 damages requested by the plaintiff, which was also was represented by the same attorney as in this case, was "manifestly excessive," the court stated that it would not "indulge Plaintiff's attempt to obtain the biggest judgment it can by filing cookie-cutter pleadings that trivialize the particular facts of this case and ignore the voluminous case law that reveals its requested judgment to be so wildly out of the question.") Based on the facts presented, which did not include any evidence that the establishment advertised that it was going to show the program, but did include evidence that it did not have a cover charge and did not charge a premium for drinks, that it only had two televisions, and that it had only three patrons (none of whom were even said to be watching the televisions during the boxing match), the Court will award only the minimum $1,000 in statutory damages pursuant to § 605(e)(3)(C)(i)(II).

Furthermore, while the Court accepts that the defendants must have taken specific wrongful actions in order to intercept the encrypted program, there is little, if any, evidence in the record of significant "commercial advantage or private financial gain," or evidence that the defendants had been found to have previously

violated § 605 or § 553, that justifies any more than minimal enhanced damages. *See* Kingvision Pay-Per-View, Ltd. v. Guzman, 2008 WL 1924988, at *3 (D.Ariz. April 30, 2008) ("Courts use a variety of factors in determining whether a defendant's conduct is subject to enhanced damages for willfulness under § 605, including prior infringements, substantial unlawful monetary gains, significant actual damages to the plaintiff, the defendant's advertising of the broadcast, and the defendant's charging a cover charge or premiums for food and drinks during the broadcast.")  In light of the minimal evidence, the Court will award $1,000 in enhanced damages pursuant to § 605(e)(3)(C)(ii).

The complaint also alleges a claim for conversion, presumably brought pursuant to Arizona common law although the complaint does not so state, which seeks unspecified compensatory and punitive damages.  Although the declaration of the plaintiff's attorney states that the plaintiff is seeking $1,000 as damages for the conversion claim, the plaintiff's memorandum in support of its default judgment application fails to even discuss the conversion claim, much less establish that $1,000 is an appropriate amount of damages.  Under Arizona law, only an award of nominal damages for conversion may be made if actual damages are not proven. Babbitt & Cowden Live Stock Co. v. Hooker, 236 P. 722, 724-25 (Ariz.1925); SWC Baseline & Crimson Investors, LLC v. Augusta Ranch Limited P'ship, 265 P.3d 1070, 1092 (Ariz.App.2011).  Given the lack of factual and legal support for the requested award, the Court will award nominal damages of $1.00 for the conversion claim. *See* J&J Sports Production, Inc. v. Barrio Fiesta of Manila Restaurant LLC, 2012 WL 2919599, at 2 (D.Ariz. July 17, 2012) (Court awarded $1 in conversion damages because the plaintiff, represented by the same attorney as in this case, failed to support its request for $4,200 in conversion damages).

1   The plaintiff also requests in its complaint and in its default judgment application that it be awarded its reasonable attorney's fees and relevant costs pursuant to § 605; it does not, however, set forth any requested amount, and its proposed form of default judgment does not even mention an award of fees and costs. Section 605(e)(3)(B)(iii) provides that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." So that it will have some basis on which to determine the reasonableness of any requested fee request, the Court will require the plaintiff to submit an itemized list of attorney's fees no later than October 31, 2012, wherein it details the actual time expended by task (taking into account any "boilerplate" pleading and motion-related forms used by its attorney in this type of action) and the hourly rate charged, and details its costs. Therefore,

IT IS ORDERED that plaintiff Innovative Sports Management, Inc.'s Application for Default Judgment by the Court (Doc. 16) is granted against defendants Sergio Gonzalez a/k/a Sergio Campis and Stephanie D. Alvarez, both individually and doing business as Bananas Ranas Restaurant, and Bananas Ranas Restaurant and Sports Bar LLC doing business as Bananas Ranas Restaurant pursuant to Fed.R.Civ.P. 55(b)(2) in the amount of $2,001.00. The Clerk of the Court shall enter judgment accordingly.

DATED this 29th day of August, 2012.

Paul G. Rosenblatt
United States District Judge